UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 4:23-CR-00273-RWS | |
| | ) | |
| JOSEPH D. NAJERA, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant Joseph D. Najera, represented by defense counsel

Mohammed Ahmed, and the United States of America (hereinafter "United States" or

"Government"), represented by the Office of the United States Attorney for the Eastern District

of Missouri. This agreement does not, and is not intended to, bind any governmental office or

agency other than the United States Attorney for the Eastern District of Missouri. The Court is

neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Count One if the Indictment, the Government agrees that

no further federal prosecution will be brought in this District relative to the defendant's events

occurring on or between June 12, 2017, and June 1, 2022, that gave rise to the Indictment of

which the Government is aware at this time.

1

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties agree to jointly request a sentence of one hundred and twenty months (120) months of imprisonment followed by a period of lifetime on supervised release and applicable restitution and assessments.  The parties understand that the Court is neither a party to nor bound by the Guideline recommendations agreed to in this document nor the sentencing recommendation of the parties.

3.     **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2422(b), coercion and enticement of a minor, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are (1) the defendant knowingly attempted to persuade, induce, entice or coerce an individual (2) who had not attained the age of eighteen years (3) to engage in sexual activity (4) for which any person can be charged with a criminal offense and (5) did so utilizing the internet, a means of interstate and foreign commerce.

4.     **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The defendant and juvenile victim AH exchanged communications of a sexual nature and nude images via social media, specifically Facebook Messenger, TextNow and Kik Messenger, for a period of five years starting when AH was 12 years of age and the defendant was 18 or 19 years of age.

The defendant and AH became acquainted via a random chat session on Kik Messenger when the defendant sent AH a request to add him as a friend. Early in their communications, AH

told the defendant that she was 12 and he told her he was 18 or 19. AH told the defendant that she thought it might be illegal for them to talk because of their age difference. The defendant blocked AH for two weeks. He then unblocked her and said he needed time to think because he had never been with a girl so young. During their online communications, the defendant sent AH artwork depicting nudity, pornography and graphic violence. The defendant then had AH draw artwork as well and he would direct her as to what to draw, which became increasingly complex and sexual. On numerous occasions, the defendant instructed AH to insert a comb into her vagina, insert an ice cube into her vagina and commit other sexual acts upon herself during a video chat while he video chatted himself exposing his genitals and masturbating. The defendant directed AH to drink her own urine. During their communications, the defendant directed how AH should pose and what she should do in images and videos she sent to him. In communications, the defendant directed AH to produce pornographic images of particular poses involving sexual conduct and lascivious displays of her genitals, which AH did and sent to the defendant.

The defendant created two Facebook accounts for AH: in one account he gave her a screen name of her first name and his last name and in the other the defendant gave AH the screen name of her first name followed by "Cum slut Najera." The defendant had total control over these accounts. The defendant requested that AH act as though she were of a prepubescent age during sexual role play. The defendant sent AH pornographic videos via TextNow and Facebook Messenger. The defendant had parental controls set up on AH's phone to monitor her online actions. He instructed her that she was not allowed to talk with boys at school. The defendant had to approve how she wore her makeup, what clothes she wore and whether she cut her hair. The defendant told her he wanted AH to be "his slave wife." When AH turned 14, she

3

and the defendant spoke about meeting to engage in sexual contact, however his did not occur and AH and the defendant never met in person.

The defendant committed his offenses against AH via internet-based social media applications. The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.

5.      **STATUTORY PENALTIES:**

The defendant fully understands that for Count I, the possible penalty provided by law for the crime of coercion and enticement of a child, to which the defendant is pleading guilty, is imprisonment for a period of not less than ten years and not more than life, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five years nor more than life. **The defendant fully understands that the crime to which a guilty plea is being entered, Title 18, United States Code, Section 2422(b), requires a mandatory minimum term of imprisonment of at least ten years.**

Per 18 U.S.C. § 2259, defendant fully understands that, in addition to other civil or criminal penalties provided by law, the Court shall order restitution directing the defendant to pay A.H. (through appropriate Court mechanism) the full amount of A.H.'s losses as determined by the Court that were incurred or are reasonably projected to be incurred by A.H.

6.      **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and

4

the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.  **Offense Conduct: Count I, Coercion and Enticement of a Child:**

a.  **Chapter 2 Base Offense Level**: The parties agree that the base offense level is 32, as found in Sections 2G1.3(c)(1) and 2G2.1(a).

b.  **Chapter 2 Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:

(i) two levels should be added pursuant to 2G2.1(b)(1)(B) because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years;

(ii) two levels should be added pursuant to 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact;

(iii) four levels should be added pursuant to 2G2.1(b)(4)(A) because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence;

(iv) two levels should be added pursuant to 2G2.1(b)(6)(B) because for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct or to solicit participation with a minor in sexually explicit conduct.

B.     **Chapter 3 Adjustments:**

The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

C.     **Chapter 4 Adjustments:**

The parties agree that five levels should be added pursuant to Section 4B1.5(b), because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

D.     **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is forty-three (43) pursuant to Section 5A, application note 2.

E.     **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

F.     **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a.     **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1)     **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2)     **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range or to the statutory minimum sentence, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea and sentences the defendant within the statutorily-available range of punishment.

b.     **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c.     **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

7

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.    **OTHER:**

a.    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c.    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release

resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (related to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. 2422(b)).

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to

9

all victims of all charges in the indictment without regard to the count or counts to which the

defendant has agreed to plead guilty.

9.      **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his

rights, including but not limited to: the right to plead not guilty to the charges; the right to be

tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to

suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the Government to prove the elements of the offenses charged against the defendant

beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right

to be protected from compelled self-incrimination; the right at trial to confront and cross-

examine adverse witnesses; the right to testify and present evidence and the right to compel the

attendance of witnesses. The defendant further understands that by this guilty plea, the defendant

expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by

counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of

the proceeding. The defendant's counsel has explained these rights and the consequences of the

waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial

will, in fact, occur and that the only action remaining to be taken in this case is the imposition of

the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and

state sex offender registration requirements, and that those requirements may apply for life. The

defendant understands that defendant must keep said registrations current, shall notify the state

sex offender registration agency or agencies of any changes to defendant's name, place of

residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.     **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant

understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the

Government agrees to dismiss or not to bring.


3.8.24
_____
Date

_____
Jillian S. Anderson #53918MO
Assistant United States Attorney


3-8-2024
_____
Date

_____
Joseph D. Najera
Defendant


3-8-24
_____
Date

_____
Mohammed Ahmed
Attorney for Defendant


13